IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 1:07-cr-210-MHT |
| ) | |
| ROSE MCCLAIN ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:          DANIEL G. HAMM

ASSISTANT U.S. ATTORNEY:  MATTHEW W. SHEPHERD

**COUNT AND STATUTE CHARGED**:

Count 1          18 U.S.C. § 371

Counts 2-5       18 U.S.C. § 641 and 2

**COUNT PLEADING PURSUANT TO PLEA AGREEMENT**:

Count 2          18 U.S.C. § 641 and 2

**PENALTIES BY COUNT – MAXIMUM PENALTY**:

Count 2          <u>18 U.S.C. § 641</u>
                 NMT 10Y or
                 NMT $250,000 fine, or both;
                 NMT 3Y SUP REL;
                 $100 AF;
                 VWPA.

**ELEMENTS OF THE OFFENSE**:

<u>18 U.S.C. § 2</u>

1. Someone else committed the charged crime, and
2. The defendant intentionally associated herself in some way with the crime and intentionally participated in it as she would in something she wished to bring about.

<u>18 U.S.C. § 641</u>

1. The defendant voluntarily, intentionally and knowingly embezzled, stole, or converted money or things of value

       to her own use.

2. The money or things of value belonged to the United States and had a value in excess of $1000.00.

3. The defendant did so with intent to deprive the owner of the use or benefit of the money or thing of value so taken.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Matthew W. Shepherd, Assistant United States Attorney and Daniel G. Hamm, attorney for the defendant, pursuant to Rules 11(c)(1)(A) and 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, her guilty plea may not be withdrawn.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offense charged in Count 2 of the Indictment, the attorney for the Government will do the following:

2

a. The Government agrees that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

b. The government and the defendant agree that the two level adjustment in the defendant's offense level for minor participant pursuant to U.S.S.G. §3B1.2(b) applies to the calculation of defendant's offense level.

c. The government and the defendant agree to a sentence in accordance with the following terms:

      1.) if the Guideline Range as calculated by the Court is determined to be in Zone A, then a sentence of no more than three years probation; or

      2.) if the Guideline Range as calculated by the Court is determined to be in Zone B, then a sentence of no more than three years probation, including home detention for a period equal to the bottom end of the applicable Guidelines range; or

      3.) if the Guideline Range as calculated by the Court is determined to be in Zone C, then a split sentence in which the total term of custody is equal to the bottom of the applicable Guideline Range.

2. The government agrees, with the defendant, that the defendant will pay restitution in the amount of $4,000.00.

3. The government agrees to dismiss Counts 1, 3, 4, and 5 against the defendant at sentencing upon acceptance of the plea agreement by the Court.

4. If the defendant completes the defendant's obligations contained within the Cooperation Agreement as set forth herein the Government agrees to file a motion for downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1. If that were to be the case, the government will recommend a downward departure of up to, but no more than, two levels. Further, if

the defendant has completed her obligations in the Cooperation Agreement and the defendant has completed payment of restitution and otherwise complied with all the terms of her probation, the government agrees that it will not oppose a motion for early termination of probation filed by the defendant pursuant to 18 U.S.C. § 3564. Determination of whether the defendant has met the defendant's obligations under the Cooperation Agreement and the amount of the downward departure motion is at the sole discretion of the United States. The failure of the court to follow the government's recommendation or to grant the defendant's motion for early termination of probation shall not provide the defendant with a basis to withdraw her plea.

    5. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offense and the defendant's background.

### **DEFENDANT'S PROVISIONS**

    6. The defendant agrees to the following:

        a.   To plead guilty to Count 2 of the Indictment.

        b.   To not commit any State, local or federal offenses.

        c.   The defendant agrees to the sentence set forth in paragraphs 1 and 2 of the Government's Provisions

        and agrees that it is a reasonable sentence.

d.    To pay restitution in the amount of $4,000.00.

e.    To comply with the terms of the Cooperation Agreement below.

## COOPERATION AGREEMENT

7. The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom the defendant may have knowledge at the grand jury, trial, or whenever called upon to do so. The defendant understands that this agreement requires the defendant to be truthful and to testify truthfully whenever called upon. The defendant agrees to be available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the Government upon reasonable request and to fully and truthfully respond to all questions asked of the defendant by law enforcement officers and attorneys for the Government.

8. If the defendant has failed or should fail in any way to fulfill completely the defendant's obligations under this agreement, then the Government will be released from its commitment to honor all of its obligations to the defendant, without the defendant being allowed to withdraw the guilty plea. Thus, if at any time the defendant should knowingly and willfully withhold evidence from, or is found to have provided false information, to the Government investigators or attorney prior to

or during the defendant's testimony before grand juries, trials, or other proceedings, or fails to return to the Middle District of Alabama for any scheduled court appearance or any scheduled meeting with law enforcement agents in the Middle District of Alabama, then the Government will be free: (1) to prosecute the defendant for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Sections 1621, 1623, 1001, 1503); (2) to prosecute the defendant for all violations of federal criminal law which the defendant has committed; (3) to use against the defendant in all of those prosecutions and sentencing the information and documents that the defendant has disclosed or furnished to the Government during the course of the defendant's cooperation; (4) to recommend a maximum sentence; and (5) to seek forfeiture of any and all forfeitable properties of the defendant. The parties agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether the defendant has breached this agreement.

## **FACTUAL BASIS**

9. The defendant admits the allegations contained in Count 2 of the indictment and understands that the nature of the charge to which the plea is offered involves proof as follows:

10. On or about September 19, 2005, Ronald Irby caused to be filed with the Federal Emergency Management Agency ("FEMA"), an agency within the United States Department of Homeland Security,

an application for benefits in connection with Hurricane Katrina, which falsely represented that Irby had suffered losses to the residence he rented as his primary residence in New Orleans, Louisiana. In fact, Irby did not reside in New Orleans, Louisiana, at the time of Hurricane Katrina, did not rent any property in New Orleans, Louisiana, and did not suffer the losses claimed. At the time of Hurricane Katrina, Irby's principal residence was in Enterprise, Alabama. Irby was not entitled to any benefits from FEMA in relation to Hurricane Katrina. The defendant knew that Irby was not entitled to any disaster assistance funds from FEMA and that he had not suffered any losses due to Hurricane Katrina.

11. On or about September 26, 2007, Rose McClain, the defendant herein, within the Middle District of Alabama, and elsewhere did knowingly aid and abet Ronald Irby to embezzle, steal, purloin, and knowingly convert to his own use money and things of value of the United States and of a department and agency thereof, in an amount in excess of $1,000, to wit: FEMA disaster assistance funds in the amount of $2,000.00. The defendant knowingly aided and abetted Ronald Irby by assisting him in the preparation of an application with FEMA for disaster assistance funds and by cashing the check from FEMA on behalf of Ronald Irby, while knowing that Irby was not entitled to any disaster assistance funds from FEMA.

12. All in violation of Title 18, United States Code, Sections 641 and 2.

### **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

13. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding, except on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

14. The government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

### **DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

15. The defendant, before entering a plea of guilty to Count 1 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

    a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's

authorization and consent.

 b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

 c. The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

 d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

 e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own

behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

    f.   The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

    g.   The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

    h.   The defendant further advises the Court that the

11

defendant's understanding of this Plea Agreement is as set forth in this document.

  i.  The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the Court.

  j.  The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

  k.  The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

16. The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules

of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

17. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal

13

history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney.  In the event that the Court determines the defendant's offense level or criminal history category is higher than the defendant anticipated, the defendant will not have the right to withdraw the plea on that basis.

    18.  The defendant understands that the United States Sentencing Guidelines are advisory upon the Court and that the Court must consider the factors contained in 18 U.S.C. § 3553(a). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendants; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the kinds of sentences available; (4) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

This 4th day of December, 2007.

Respectfully submitted,
LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
Louis V. Franklin, Sr.
Criminal Chief

/s/ Matthew W. Shepherd
Matthew W. Shepherd
Assistant United States Attorney
PO Box 197
Montgomery, Alabama 36101-0197

15

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, DANIEL G. HAMM.

_____
ROSE MCCLAIN
DEFENDANT

12-4-07
Date

_____
DANIEL G. HAMM
Attorney for the Defendant

12-4-07
Date